**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ERAN BEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09 C 7749** |
| | ) | |
| **STACEY MALEC, TIMOTHY BOOGERD,** | ) | |
| **CITY OF NAPERVILLE, A DAY WITH, INC.,** | ) | |
| **GOOD LUCK NAT, INC. d/b/a THE GREIF** | ) | |
| **COMPANY, and A&E TELEVISION** | ) | |
| **NETWORKS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY,  District Judge:

Eran Best has sued the City of Naperville, two Naperville police officers, and several television production companies on claims arising from her appearance on the reality television show *Female Forces*.  Best alleges that she was depicted on the show without her consent in a way that caused her severe emotional distress.  She asserts a federal claim under 42 U.S.C. § 1983 and several state law claims arising out of her arrest and her depiction on the television show.

Defendants moved to dismiss several of the state law claims on various grounds. On June 11, 2010, the Court denied the motion with regard to count 2, in which Best asserted a claim under the Illinois Right of Publicity Act; count 3, in which Best asserted a claim for the tort of invasion of privacy by publication of private facts; and count 4, in which Best asserted a claim for intentional infliction of emotional distress.  *See Best v.*

*Malec*, No. 09 C 7749, 2010 WL 2364412 (N.D. Ill. June 11, 2010).

Defendants have moved to reconsider or alternatively to certify for interlocutory appeal the Court's dismissal of those claims. On July 14, the Court held a hearing on the motion. At the end of that hearing, the Court denied the motion with regard to counts 2 and 4. On count 2, the motion to reconsider asserted that the Court's reading of the IRPA ran afoul of the First Amendment. The Court concluded that defendants' motion to dismiss had not asserted this argument and thus the point was not appropriate for a motion to reconsider. *See generally Valero Energy Corp. v. United States*, No. 06 C 6730, 2008 WL 4104367, at *1-2 (N.D. Ill. Aug. 26, 2008) (collecting cases). On Count 4, the Court concluded that the motion to reconsider simply expressed disagreement with the Court's original ruling, which likewise is not an appropriate basis for a motion to reconsider.[1]

At the July 14 hearing, the Court directed the parties to submit briefs on the motion to reconsider as to count 3. The Court has reviewed those filings and now denies the motion to reconsider as to count 3 and also denies defendants' alternative request to certify its rulings on counts 2, 3, and 4 for interlocutory appeal.

## 1.    Count 2

Defendants argue that the Court erred when it denied their motion to dismiss Best's claim for publication of private facts. Best's claim in count 3 arises out of a portion of the *Female Forces* broadcast that showed an image of the officers' computer, on which information about Best was visible, including her name, phone number,

---

[1] This is not intended to be a complete statement of the reasons the Court gave at the July 14 hearing for declining to reconsider the ruling on counts 2 and 4.

height, weight, age, driver's license number, and information about prior traffic stops and arrests that did not lead to convictions.

The Court acknowledges that it made an error of fact in its earlier ruling when it stated that the image included information about an arrest that occurred when Best was a minor. As the parties agree, the arrest in question, which was for consumption of alcohol by a minor, occurred when Best was over 18 years old and therefore does not fall within the requirements for privacy of juvenile court proceedings under 705 ILCS 405/1-8.

The Court's decision, however, did not depend on its mistaken belief that the image on the screen included information about an arrest that occurred when Best was a minor. Rather, the Court held that "taken in combination, the facts about Best's name, age, height, weight, and driver's license number could arguably be classified as 'facially compromising,' particularly given the identity theft risks that disclosure of such information presents." *Best*, 2010 WL 2364412, at *5 (quoting *Busse v. Motorola*, 351 Ill. App. 3d 67, 73, 813 N.E.2d 1013, 1018 (2004)).

The defendants argue that the Court's ruling was based on an error of law, because none of the facts in question is private when considered individually, and the combination of multiple pieces of non-private data does not transform it into private information.

Although Illinois courts have held that matters of public record such as name and age do not constitute private facts, Illinois law also prohibits the disclosure of facts obtained in conjunction with a driver's license absent certain circumstances not present here. 625 ILCS 5/2-123(f-5). The defendants have cited no case in which an Illinois

court has held that a person's driver's license number is a public fact, nor have they cited any case that stands for the proposition that aggregation of facts in a way that increases the risk of identity theft does not constitute publication of private facts under Illinois law.

Defendants cite *Busse v. Motorola*, in which an Illinois appellate court determined that an individual's social security number was not a private fact for purposes of the tort of intrusion upon seclusion, because there was no Illinois law prohibiting the disclosure of that information. *Busse*, 351 Ill. App. 3d at 71-73, 813 N.E.2d 1016-18. *Busse*, however, did not consider the effect of aggregation of multiple personally identifying facts about a plaintiff, as is the case here.

Defendants also cite *Dwyer v. American Express Co.*, 273 Ill. App. 3d 742, 652 N.E.2d 1351 (1995). In *Dwyer*, an Illinois appellate court determined that a credit card company did not commit the tort of intrusion upon the seclusion when it compiled and then rented to direct marketing firms information about names and addresses of its credit card customers. The court held that those customers voluntarily gave such information to the credit card company, and that the information that was given to marketers did not include specifics of plaintiffs' financial transactions, only general information about the kinds of spending they engaged in, and therefore there was no invasion of privacy. In this case, by contrast, Best did not voluntarily give the information to the police officers and she did not consent to its broadcast, and the information, taken together, is substantially more specific and detailed than that which was at issue in *Dwyer*.

As the Court said in its June 11 decision, at the motion to dismiss stage a court must make all reasonable inferences in favor of the non-moving party. The Illinois standard for publication of private facts asks a court to determine whether "the matter made public . . . [is] one which would be offensive and objectionable to a reasonable man of ordinary sensibilities." *Geisberger v. Willuhn*, 72 Ill. App. 3d 435, 439, 390 N.E.2d 945, 948 (1979). Defendants did not cite in their original motion, nor do they here, any Illinois authority establishing that driver's license number is a public fact, or that the aggregation of multiple facts cannot be private even where some (but not all) of those individual facts would have been public. The Court therefore determines that drawing reasonable inferences in favor of Best, its original ruling on the motion to dismiss was correct.

For these reasons, the Court denies defendants' motion to reconsider.

**3.      Interlocutory appeal**

Before certifying a matter for interlocutory appeal, a court must find that "[its] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

With regard to count 4 (the claim for intentional infliction of emotional distress), defendants have not shown that the Court's ruling involved a controlling question of law as to which there is a substantial ground for difference of opinion. The Court simply ruled that plaintiff had stated a claim. This required the Court to determine only whether plaintiff's allegations, if proven, would enable a finding her favor on this claim. The ruling involved an application of law to facts, not a question of law. In addition,

defendants cite no case that suggests the Court applied an incorrect legal standard.

With regard to count 3, as the Court has noted above, defendants likewise cite no case indicating the Court applied the wrong legal standard or otherwise giving rise to a substantial ground for difference of opinion. The Court also notes that it was dealing with a question of the sufficiency of plaintiff's pleading, not the sufficiency of her evidence. Defendants have and will have the opportunity to test via summary judgment whether plaintiff's evidence actually measures up. And because all or virtually all of the same fact-related discovery in this case would be required with or without count 3, an interlocutory appeal would not advance the termination of the case but rather would slow it down significantly. (The Court notes that fact discovery is set to close in just a little over two months.)

The same is true with regard to count 2, the IRPA claim. All or virtually all of the discovery on that claim would be required on other claims as to which there is no viable contention that there exists a controlling question of law on which there is substantial ground for a difference of opinion. For that reason, as with count 3, an interlocutory appeal concerning count 4 would not advance the termination of the case.

## Conclusion

For the reasons stated above and in open court on July 14, 2010, the Court denies defendants' motion to reconsider or in the alternative to certify order for interlocutory appeal [docket no. 41].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 14, 2010